UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| R. PEACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02997-JPH-DML |
| | ) |
| MARTIAL KNIESER, | ) |
| MICHAEL CONYERS, | ) |
| HAROLD COUNCELLOR, | ) |
| MATTHEW VANDINE, | ) |
| | ) |
| Defendants. | ) |

**ENTRY DISMISSING ACTION
AND DIRECTING ENTRY OF JUDGMENT**

The plaintiff filed this action on November 16, 2020, dkt. 2, and filed an amended complaint three days later, dkt. 10. He alleges that he has nerve neuropathy in his face that causes pain if his face is not shaved, but using a straight or disposable razor exacerbates the pain. Dkt. 10 at 3. He further alleges he is being denied a medical order to have certain clippers made available to him. *Id.*

The plaintiff acknowledges that he brought the same claims in *Peacher v. Talbot, et al.,* 1:18-cv-3044-JRS-MJD. That action was dismissed with prejudice as a sanction because the plaintiff forged a memo allegedly signed by Dr. Talbot and presented it to the defendants during his deposition. *Peacher v. Talbot,* dkt. 240. In that case, the Court stated:

> This Court does not have the time or resources to tolerate the blatant judicial abuse demonstrated by Mr. Peacher in this case. It is well-documented that this Court is among the busiest in the country. *See White v. Am. Family Mut. Ins. Co.*, No. 119-cv-04370-JMS-DLP, 2020 WL 1905470, at *12 (S.D. Ind. Apr. 17, 2020) ("This Court is the second busiest district in the country as measured by weighted filings per judgeship."). Moreover, the Court recruited counsel for Mr. Peacher even though his education and litigation experience weighed against it. Recruited

> counsel spent time apart from the merits of this case to respond to the motion for sanctions, talk to Mr. Peacher, advise him of the consequences of giving false testimony, and draft and file affidavits. "The valuable help of volunteer lawyers is a limited resource. It need not and should not be squandered on parties who are unwilling to uphold their obligations…" *Dupree v. Hardy*, 859 F.3d 458, 462 (7th Cir. 2017). Mr. Peacher put recruited counsel in an untenable position of having to do their best to represent him while strong evidence discrediting his testimony was in play.

*Id.* at 5.

The plaintiff's motion to reconsider the dismissal of that action was denied. The plaintiff's appeal remains pending.

To allow the plaintiff to bring the same claim in this new action would eviscerate the purpose and effect of the sanction imposed in *Peacher v. Talbot.* "A district court has inherent power to sanction a party who has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (internal quotation omitted). "These powers, which are essential to a court's ability to preserve the integrity of its proceedings, are symmetrical. They apply to default judgments against defendants as well as to dismissals against plaintiffs." *Id.*  Therefore, the plaintiff will not be permitted a second bite at the apple in this case. His remedy, if any, remains in the pending appeal. This action is **dismissed with prejudice** as a continuation of the sanction imposed in *Peacher v. Talbot, et al.,* 1:18-cv-3044-JRS-MJD. His motion for preliminary injunction, dkt. [4], is **denied as moot.** Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 1/4/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

R. PEACHER
881627
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only