UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| R. PEACHER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTIAL KNIESER, et al. )<br>)<br>Defendants. ) | No. 1:20-cv-02997-JPH-DML |

**ORDER GRANTING DEFENDANT KNIESER'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Robert Peacher, who is incarcerated at Pendleton Correctional Facility, brought this civil rights action alleging that the defendants have shown deliberate indifference to his serious medical condition of neuropathy by denying him access to particular clippers to shave his face. Defendant Dr. Martial Knieser has moved to dismiss all claims against him. Because Dr. Knieser filed an answer before the motion to dismiss, the Court construes the motion as one for judgment on the pleadings. So construed, it is **GRANTED**.

### I.     Background

Mr. Peacher brought a similar action in this Court, but it was dismissed with prejudice as a sanction for Mr. Peacher forging evidence. *Peacher v. Talbot*, *et al.*, No. 1:18-cv-3044-JRS-MJD, dkt. 240 at 5. Despite the dismissal with prejudice, the Court has allowed him to bring this action but has limited the remedy to equitable relief only. Dkt. 21 at 2 ("The only relief available is equitable."). Dr. Knieser answered the complaint. Dkt. 42. Then he moved to dismiss all claims against him because he no longer works at Pendleton Correctional Facility and therefore cannot provide the equitable relief Mr. Peacher seeks. Dkt. 43.

## II.     Legal Standard

Dr. Knieser seeks dismissal based on Federal Rule of Civil Procedure 12(b)(6). Dkt. 43 at 1. But such a motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). After Dr. Knieser filed an answer, Rule 12(b)(6) was no longer available to him. *Id.*; *Saunders-El v. Rohde*, 778 F.3d 556, 559 (7th Cir. 2015) ("[M]otions to dismiss for failure to state a claim [must] be made prior to the filing of an answer.").

But there is no practical consequence, because "a motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one." *Saunders-El*, 778 F.3d at 559; *see* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."); Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)").

"Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party . . . is entitled to judgment as a matter of law." *Unite Here Local 1 v. Hyatt Corp*, 862 F.3d 588, 595 (7th Cir. 2017).

## III.     Discussion

Mr. Peacher does not dispute that Dr. Knieser no longer works at Pendleton Correctional Facility and cannot help Mr. Peacher get the clippers he wants. *See* dkt. 44 at 1 ("Just because Defendant Knieser no longer works at the facility does not mean that he cannot provide equitable relief for the time that he was responsible for plaintiff."); *see also Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (claims for injunctive and declaratory relief moot after plaintiff transferred away from prison where alleged violations took place). So there are no disputed facts material to Dr. Knieser's motion for judgment on the pleadings.

The only question is a legal one: whether there is any other equitable relief Mr. Peacher could obtain from Dr. Knieser in this action. Mr. Peacher argues that he could still receive compensatory damages. *Id.* ("It is the plaintiff's understanding that the Court did not state the plaintiff could not pursue compensatory damages, but that the relief must only be equitable."). But in limiting Mr. Peacher to an equitable remedy, the Court foreclosed an award of compensatory damages—or any other money damages—in this action. Dkt. 18 at 3 ("Limiting Mr. Peacher to equitable relief will reduce his incentive to similarly abuse the judicial process in pursuit of money damages."); *see Mertens v. Hewitt Assoc.*, 508 U.S. 248, 256−61 (1993) (holding that statutory provision limiting plaintiffs to "equitable relief" precludes award of compensatory damages). And because there's no other form of relief Dr. Knieser could be ordered to provide, his motion for judgment on the pleadings is **GRANTED**.

## IV.     Conclusion

Dr. Knieser's motion for judgment on the pleadings, dkt. [43], is **GRANTED**. No partial final judgment shall enter at this time. The **clerk is directed** to terminate Dr. Martial Knieser as a defendant on the docket.

**SO ORDERED.**

Date: 8/12/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

R. PEACHER
881627
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov

Matthew Jacob Goldsmith
INDIANA ATTORNEY GENERAL
matthew.goldsmith@atg.in.gov